IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DUKE UNIVERSITY,            )
                            )
         Plaintiff,         )
                            )
    v.                      )         1:13CV701
                            )
UNIVERSAL PRODUCTS INC.,    )
                            )
         Defendant.         )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on the parties' Joint Motion to Re-Set Initial Pretrial Conference (Docket Entry 20). (See Docket Entry dated July 23, 2014.) For the reasons that follow, the Court will grant in part and deny in part the instant Joint Motion in that the Court will reschedule the Initial Pretrial Conference ("IPC") as requested, but will not excuse Attorney J. Daniel Bishop from attending the IPC.

BACKGROUND

Attorney Bishop appeared on behalf of Defendant by filing a Motion to Stay (with supporting brief) and an Answer on January 13, 2014. (Docket Entries 9, 10, 11.) Subsequently, Attorney Bishop filed a notice of special appearance for Defendant by Attorney Frank A. Mazzeo of Colmar, Pennsylvania. (Docket Entry 16.) The Court thereafter set this case for an IPC. (Docket Entry 19.) According to the instant Joint Motion, "the parties (through their lead counsel) timely held their initial discovery conference . . . and [are] generally in agreement as to discovery issues, with the

exception of the number of interrogatories and possibly electronic discovery." (Docket Entry 20 at 1.)

DISCUSSION

The instant Joint Motion seeks postponement of the IPC for one week and asks that the Court set the time for the IPC no earlier than 11:00 a.m. (Id.) The parties have shown good cause for those reasonable scheduling requests (see id. at 1-2 (setting forth counsels' personal and civic commitments, as well as travel considerations, supporting requested accommodations)) and the Court thus will grant them, see M.D.N.C. LR7.3(j) (providing that motions seeking "to continue a pretrial conference . . . must state good cause"); Christmas v. Nationwide Mut. Ins. Co., ___ F. Supp. 2d ___, ___, 2014 WL 3110021, at *10 (E.D.N.C. July 7, 2014) ("To the extent possible, the court will attempt to accommodate the parties' schedules."); Brown-Pfifer v. St. Vincent Health, Inc., No. 1:06CV236-SEB-JMS, 2007 WL 2757264, at *5 (S.D. Ind. Sept. 20, 2007) (unpublished) ("This court, like most others, willingly attempts to accommodate the schedules of litigants and counsel as necessary to avoid significant inconvenience and hardship . . . ."); Alexander S. by and through Bowers v. Boyd, 929 F. Supp. 925, 936 (D.S.C. 1995) ("[T]he court has attempted, whenever possible, to accommodate the schedules of counsel.").

The instant Joint Motion "also requests . . . local counsel [for Defendant] be[] excused from attending the [IPC]." (Docket Entry 20 at 1-2.) As grounds for that request, the instant Joint Motion states: "Lead counsel [for Defendant] is most knowledgeable

2

about this case, especially the interrogatories issue, and it would be significantly more expensive for [D]efendant to have both its counsel attend the hearing." (Id. at 2.) That statement does not provide a proper basis to relieve Attorney Bishop of his obligation to attend the IPC.

"Litigants in civil and criminal actions . . . before this Court, except parties appearing pro se, must be represented by at least one attorney who is a member of the bar of this Court." M.D.N.C. LR83.1(c)(1). "Attorneys who are members in good standing of the bar of the highest court of any state or the District of Columbia may practice in this Court for a particular case in association with a member of the bar of this Court." M.D.N.C. LR83.1(d)(1). "A member of the bar of this Court who accepts employment in association with a specially appearing attorney is responsible to this Court for the conduct of the litigation or proceeding and must sign all pleadings and papers, except for certificates of service. Such member must be present during pretrial conferences, potentially dispositive proceedings, and trial." M.D.N.C. LR83.1(d)(2) (emphasis added); see also M.D.N.C. LR83.1(c)(2) ("All pleadings and papers presented to the clerk for filing, except by attorneys representing governmental agencies or parties appearing pro se, shall be signed by a member of the bar of this Court."); Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies to the court that to the best of the person's knowledge,

3

information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose . . .; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.").

"Rules requiring foreign counsel to associate with local counsel . . . have been consistently upheld . . . [and represent] a reasonable means by which the district court may regulate the practitioners who appear before it." United States v. Menner, 374 F. App'x 446, 447-48 (4th Cir. 2010). "The purpose of [such] rule[s] is self-evident, namely to allow out-of-state counsel to appear only with the support and supervision of a local attorney." Brown v. Phillip Morris Inc., 291 F. Supp. 2d 3, 6 (D. Mass. 2003). In that regard, "the requirement to associate local counsel serves a useful function. Local counsel can be assumed to be familiar with local procedures and practices and make that knowledge and expertise available to out of district counsel, thus promoting efficiency and lowering costs." In re Groth Bros. Oldsmobile,

4

Inc., BAP No. NC-12-1482-DJuPa, 2013 WL 5496514, at *11 (B.A.P. 9th Cir. Oct. 3, 2013) (unpublished).

Moreover, by explicitly declaring that members of the bar of this Court who appear along with specially-appearing counsel remain "responsible to this Court for the conduct of the litigation" and by requiring said members to sign all court filings and to attend most court proceedings, M.D.N.C. LR83.1(d)(2), the Local Rules of this Court "place[] an important responsibility upon the attorney who sponsors a pro hac vice admission to this Court. Such attorney is not merely a 'local counsel,' but shares full responsibility for the representation of the client." Lenoir v. Pyles, 320 F. Supp. 2d 365, 367 (D. Md. 2004). "[Such] rule[s] impose[] a significant, ongoing responsibility on [so-called] local counsel and should not be taken lightly." Brown, 291 F. Supp. 2d at 6.

This Court's approach in this area reflects the long-time, national norm, as another court explained nearly a quarter of a century ago:

> Although the term 'local counsel' at one time may have meant less responsibility on the part of attorneys so designated, it is clear to the court, and should be to every lawyer who litigates in this country, that in the last ten years developments in the law have invalidated this prior meaning. The trend is, properly, away from the view that some counsel have only limited responsibility and represent a client in court in a limited capacity, or that the local counsel is somewhat less the attorney for the client than is lead counsel.
>
> In modern day practice, all counsel signing pleadings and appearing in a case are fully accountable to the court and their clients for the presentation of the case. The Federal Rules of Civil Procedure . . . do not recognize any lawyers as less than full advocates for their clients. The law makes no distinction, as to the

liability of lawyers signing pleadings, between those who are self-designated 'lead' or 'local' counsel. Federal Rule of Civil Procedure 11 places stringent obligations on all counsel signing pleadings, however designated.

Gould, Inc. v. Mitusi Mining & Smelting Co., 738 F. Supp. 1121, 1125 (N.D. Ohio 1990).

Given the foregoing considerations, the Court cannot relieve Attorney Bishop of his duty to attend the IPC based on the two grounds offered, i.e.: (1) that he lacks the knowledge of the case and the disputed case-management issues that Attorney Mazzeo possesses; and (2) that Defendant will have to pay for Attorney Bishop to appear at the IPC. As to the first of those matters, the above-quoted authority makes clear that Attorney Bishop bears a professional obligation to remain fully abreast of material developments in this case and that he cannot serve his intended function(s) if he does not participate actively in this case.[1] Regarding the second concern identified by Defendant, the Court observes that Defendant chose to proceed in this case with

---

[1] For example, how will Attorney Bishop make the above-referenced Rule 11 representations that will accompany his required signature on the IPC-related filing that Defendant has to make, see M.D.N.C. LR16.1(b) ("The parties shall jointly prepare a Rule 26(f) Report (LR 16.2) if they are in agreement concerning a discovery plan for the case. If they do not agree, each shall file a separate Rule 26(f) Report (LR 16.3), setting forth its position on disputed matters."), if (as stated in the instant Joint Motion) he did not participate in the discovery plan conference and if (as implied by the instant Joint Motion) he lacks sufficient knowledge of the case and disputed issues to provide meaningful assistance at the IPC. See generally Coburn Optical Indus., Inc. v. Cilco, Inc., 610 F. Supp. 656, 660 n.7 (M.D.N.C. 1985) ("Rule 11 makes it advisable for attorneys acting as local counsel to consider the extent to which they can perform the role of a passive conduit consistent with the responsibilities imposed by Rule 11.").

6

specially-appearing counsel with full notice (via this Court's Local Rules) that Attorney Bishop would have to attend pretrial conferences; the expenses arising from that requirement thus do not unfairly burden Defendant.

CONCLUSION

The parties have shown good cause for their requested rescheduling of the IPC, but have not offered a valid basis to relieve Attorney Bishop of his duty to appear at the IPC.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Re-Set Initial Pretrial Conference (Docket Entry 20) is **GRANTED IN PART AND DENIED IN PART** in that the IPC is continued to August 4, 2014, at 4:00 p.m., in Courtroom 1A of the L. Richardson Preyer United States Courthouse, Greensboro, North Carolina, but the attendance at the IPC of Attorney Bishop is not excused.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 24, 2014